IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHERYL RIPLEY, *individually* | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.07-912 |
| v. | : | |
| | : | |
| EON LABS INC., SANDOZ INC., and | : | Memorandum Opinion and Order |
| NOVARTIS PHARMACEUTICALS | : | |
| CORP., | : | |
| | : | |
| Defendants. | : | |

These matters come before the Court upon the motion of Plaintiff Cheryl Ripley to remand this case back to the Superior Court of New Jersey, Law Division, Camden County and upon the motion of Defendant Novartis Pharmaceuticals Corporation to dismiss the Complaint against it pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a viable claim. Plaintiff's motion to remand is predicated on the lack of both diversity jurisdiction and federal question jurisdiction. Defendant Novartis contends that the complaint fails to demonstrate a sufficient nexus between Novartis and the injuries Plaintiff alleges that she sustained. The Court entertained oral argument on these motions on August 9, 2007. The Court has considered the arguments outlined in the parties' briefs, in addition to those advanced during oral argument. For the reasons set forth below, the Court denies Plaintiff's motion to remand and denies Defendant Novartis' motion to dismiss.

**I. Plaintiff's Motion to Remand**

1

Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Camden County on February 23, 2007. Plaintiff alleges that she suffered a severe, life threatening allergic reaction, known as Toxic Epidermal Necrolysis ("TEN"), following ingestion of a generic version of Relafen-Nabumetone. (Compl. at ¶¶ 10-13) The generic drug in question was manufactured by Defendant Eon Labs, which is a subsidiary of Defendant Sandoz, Inc. Defendant Sandoz is owned by Defendant Novartis.

On February 26, 2007, Defendant Sandoz removed this matter to the United States District Court for the District of New Jersey, Camden Visinage on the basis of diversity jurisdiction and federal question jurisdiction. On March 16, 2007, summonses were issued as to all of the Defendants. Defendant Eon Labs has its principal place of business in the State of New York. Defendants Sandoz and Novartis are principally placed in the State of New Jersey. Plaintiff Ripley is a citizen of the State of California.

Plaintiff first argues that removal pursuant to 28 U.S.C. §1441(b) is unavailable to Defendants because both Novartis and Sandoz are citizens of the State of New Jersey, where the original action was first filed. Plaintiff's second argument challenges the propriety of removal on subject matter jurisdiction grounds. Plaintiff also asserts a claim for punitive damages pursuant to N.J.S.A. 2A:58C-5, which states:

> Punitive damages shall not be awarded if a drug or device or food or food additive which caused the claimant's harm was subject to premarket approval or licensure by the federal Food and Drug Administration under the "Federal Food, Drug, and Cosmetic Act," 52 Stat. 1040, 21 U.S.C. § 301 et seq. or the "Public Health Service Act," 58 Stat. 682, 42 U.S.C. § 201 et seq. and was approved or licensed; or is generally recognized as safe and effective pursuant to conditions established by the federal Food and Drug Administration and applicable regulations, including packaging and labeling regulations. However, where the product manufacturer knowingly withheld or misrepresented information required to be

2

> submitted under the agency's regulations, which information was material and relevant to the harm in question, punitive damages may be awarded. For purposes of this subsection, the terms "drug", "device", "food", and "food additive" have the meanings defined in the "Federal Food, Drug, and Cosmetic Act."

Thus, Plaintiff asserts that the requirement that Plaintiff show fraud-on-the-FDA does not raise a substantial federal issue conferring subject matter jurisdiction pursuant to 28 U.S.C. § 1331 on this case.  The Court finds that Defendant properly removed this case to this Court based on diversity of citizenship because at the time of removal, none of the Defendants had been "joined and served".  Consequently, the Court need not address whether subject matter jurisdiction exists.

An action may be removed from state court if it could have been originally filed in federal court. 28 U.S.C. § 1441(a).  An action removed from state court predicated upon diversity of citizenship must not only satisfy the citizenship and amount in controversy requirements of 28 U.S.C. 1332 (a), but must also satisfy 28 U.S.C. 1441(b), which provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest **properly joined and served as defendants is a citizen of the State in which such action is brought**.(emphasis added).

As the removing party, Defendant Sandoz bears the burden of demonstrating that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). When considering a motion to remand, the Court must strictly construe removal statutes in favor of remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987).  Here, the parties agree that complete diversity exists amongst the parties and that the amount in

controversy exceeds the statutory requirement. Accordingly, the issue before this Court is whether the citizenship of New Jersey Defendants Novartis and Sandoz precludes removal pursuant to 28 U.S.C.§ 1441(b).

Where the meaning of a statute is at issue, the Third Circuit has stated that "[i]t is elementary that the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001). "If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms." Id. (citing United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The Court may only depart from this mandate where "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. " Ron Pair Enters., 489 U.S. at 242, (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

The Court finds that the plain language of 28 U.S.C. § 1441(b) does not bar the Defendants' removal in this case because at the time that the action was removed, the Defendants had not yet been "properly joined and served". The Court further finds that removal under these circumstances does not produce a result "demonstrably at odds with Congressional intent".[1] The Court's decision finds support from other courts within this district, in addition to several

---

[1] The Court is mindful of the various policy arguments skillfully advanced by Plaintiff's counsel during oral argument in this case. One of the equitable arguments raised centered on the Plaintiff's attempt at professional courtesy. While the Court is not persuaded that these policy arguments warrant a departure from the language of 1441(b), its decision in this regard should not be read as a judgment on the actions of Plaintiff.

courts sitting in other districts.

Most recently, this Court considered whether an in State defendant who has not been served with the complaint can remove the matter to federal court despite the prohibition contained in 28 U.S.C. § 1441(b). In an unpublished opinion in Thomson v. Novartis Pharms. Corp., 2007 WL 1521138 (D.N.J. May 22, 2007), this Court found that because the forum defendants had not been served at the time of removal, their citizenship did not offend the language of 1441(b). In reaching this conclusion, the Court recognized the "colorable policy arguments" against permitting removal, including the potential for docket monitoring and in state defendant forum shopping. Id. at *4. Nonetheless, the Court stated that

> "these arguments alone are insufficient to overcome the requirement that this Court give meaning to the plain language of the statute. Congress plainly intended to require service of the complaint, and not just proper joinder, to trigger the preclusion of removal by the forum resident defendant in a diversity case, and it did so by including the phrase 'properly joined and served' so that a plaintiff could not frustrate removal of a diversity case by refraining from serving the resident defendant. To adopt plaintiff's arguments here would read the words 'and served' out of the statute."

Id. The Thomson court further noted the considerable case law in favor of permitting removal by an in state defendant where that defendant has not been properly joined and served.[2]

---

[2] "See Frick, 2006 U.S. Dist. LEXIS 9178, at *7 ("[W]e find that the language of the statute is unambiguous"); Stan Winston Creatures, Inc., 314 F.Supp.2d at 180 ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state"); Ott v. Consol. Freightway Corp., 213 F.Supp.2d 662, 665 (S.D.Miss.2002))("In accordance with [the § 1441(b) ] language ..., courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability"); see also 14B Wright, Miller & Cooper, Federal Practice and Procedure § 3723 at 642 (3d ed. 1998)("The language of Section 1441(b) ... implies that a resident defendant who has not been served may be ignored in determining removability"); Massey v. Cassens & Sons, Inc., No. 05-598, 2006 U.S. Dist. LEXIS 9675, *10-11 (S.D.Ill. Feb. 16, 2006)." Thomson at *4.

Plaintiff submits that because <u>none</u> of the Defendants in this case were served at the time of removal, removal is premature. Plaintiff likens this case to the Northern District of Illinois's unpublished decision in <u>Holmstrom v. Harad</u>, 2005 WL 1950672 (N.D.Ill. Aug. 11, 2005). In <u>Holmstrom</u>, Plaintiff filed a shareholder derivative suit against twenty-eight (28) named defendants, two of whom were Illinois citizens. Before any of the defendants were named and served or had made a voluntary appearance, the matter was removed to the Northern District of Illinois by a defendant who was a citizen of Ohio. The <u>Holmstrom</u> court concluded that the fact that none of the defendants in that case had been served created a question of first impression, distinguishing the body of cases that permitted removal before the defendant was joined and served because in those cases at least one defendant had been joined and served. The factual distinction, in addition to public policy arguments advanced by plaintiff, provided grounds for the <u>Holmstrom</u> court to depart from the growing trend which permitted removal. Ultimately, the <u>Holmstrom</u> court granted the motion to remand stating that the citizenship of the two unserved Illinois defendants defeated removal.

Here, like <u>Holmstrom</u>, when the notice of removal was filed, none of the Defendants had been served. The reasoning in the <u>Holmstrom</u> decision was rejected by this district in an unpublished opinion in <u>Frick v. Novartis Pharm. Corp.</u>, 2006 WL 454360 (D.N.J. February 23, 2006). In that case, Novartis removed the action from state court before it or any of the other unnamed defendants were served. Frick argued for remand, stating that "the 'properly joined and served' requirement only makes sense when one defendant has been served but the named forum defendant has not, because in such situations the plaintiff could prevent removal by naming but not serving the forum defendant." <u>Id</u>. at *1. The <u>Frick</u> court undertook a review of the

6

Holmstrom decision, rejecting that court's policy argument for its holding because it was in contravention to a plain reading of the statute. "Although the Holmstrom court offers a plausible justification for its holding, we find that the language of the statute is unambiguous. Furthermore, it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress." Id. at *3. This Court agrees.

The plain language of 28 U.S.C. § 1441(b), despite the numerous policy arguments against it, permits removal of this case from the Superior Court of New Jersey to this Court. The Court sees no reason to depart from the learned judges in this District that have permitted removal under the circumstances that exist in this case. Consequently, because the parties are diverse and the amount in controversy exceeds the statutory requirement, this Court has jurisdiction pursuant to 28 U.S.C. 1332. Plaintiff's motion for remand is denied.

**II. Novartis's Motion to Dismiss**

In this motion to dismiss, Novartis contends that because it does not manufacture, sell and/or distribute Relafen or its generic counterpart, there is no nexus between Novartis and the harm allegedly suffered by Plaintiff. Further, Novartis contends that Plaintiff has not alleged facts sufficient to pierce the corporate veil of Eon and Sandoz to reach Novartis. In this connection, Novartis insists that Plaintiff cannot demonstrate that Eon and Sandoz are mere instrumentalities of Novartis and Plaintiff has not alleged that Novartis is using Eon/Sandoz to perpetrate a fraud. For these reasons, Novartis seeks dismissal of the complaint against it pursuant to Fed.R.Civ.P. 12(b)(6).

When considering a motion to dismiss a complaint for failure to state a claim upon which

relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).  The lack of factual detail in such cases cannot be seen as a problem in itself, but rather as the cause of a genuine problem: failure to alert the defendant of the grounds underlying the claim. As Wright and Miller have noted, Rule 8(a)(2) does require a sufficient statement of "circumstances, occurrences, and events" underlying the cause of action so as to put a defendant on fair notice of what is claimed. C. Wright & A. Miller, Federal Practice and Procedure § 1215, at 112-13 (1969 & Supp.1987).

     The Third Circuit has accessed pleadings in light of Fed.R.Civ.P. 11 and Fed.R.Civ.P. 12(b)(6), stating "[t]olerance of factual contentions in initial pleadings ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to ... make claims ... without any factual basis or justification." Zuk v. Eastern Penn. Psych. Inst. of Med. Coll. Of Penn., 103 F.3d 294, 299 (3d Cir. 1996).

     As jurisdiction in this case is predicated upon diversity, the Court is bound to apply the law of the State of New Jersey to analyze the sufficiency of Plaintiff's complaint. See C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1204 (1970 & Supp.1989).  To prove a

claim to pierce the corporate veil in New Jersey, Plaintiff's Complaint must contain factual assertions that show that: (1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law. Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 149 (3d Cir.1988); Major League Baseball Promotion Corp. v. Colour-Tex, Inc., 729 F.Supp. 1035, 1046 (D.N.J.1990).  The many factors to be considered in determining whether the corporate veil was pierced include "gross undercapitalization ... 'failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.'" Bd. of Trustees Local 863 Pension Fund v. Foodtown, Inc., 296 F.2d 164, 172 (3d Cir. 2002)(citing Craig, 843 F.2d at 149).

     Here, Plaintiff's Complaint sets forth the relationship of the parties, stating that "a) Novartis, acquired and owns 100% of the Shares of Sandoz.  b) Sandoz and Eon are wholly owned subsidiaries of Novartis.  c) at all relevant times Eon acted in all aspects as agent and alter ego of Sandoz and Novartis.  d) Sandoz acquired ownership and control of Eon on July 25, 2005". (Complaint, ¶ 6)  In addition, the Complaint alleges that the Defendants, collectively, "intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of Relafen; and, advertised, promotion, marketed, sold and distributed Relafen, as a safe prescription medication." (Complaint at ¶ 8) The Complaint sets forth a basis for piercing the corporate veil in Paragraphs 68-69, which state:

9

>Despite such knowledge, the Defendant, through their respective officers, directors and managing agents for the purpose of increasing sales and enhancing its profits, knowingly and deliberately failed to properly warn the Plaintiff, patients, consumers and the public of the serious risk of injury occasioned by the known propensity to cause SJS, TENS and similar reactions. ¶ 68
>
>The Defendant and their respective officers, agents and managers intentionally proceeded with the manufacturing, sale and marketing of their respective drugs, knowing that patients and consumers would be exposed to serious danger; specifically, the life threatening reaction TEN, EM, or SJS.¶ 69

Plaintiff's opposition insists that her pleading is more than sufficient, given the notice pleading requirements of Fed.R.Civ.P. 8, and that Novartis' motion to dismiss is not yet ripe, as discovery will yield facts necessary to proceed with the claims against Novartis.  The Court agrees.  The Complaint sufficiently sets forth the basis of Plaintiff's claims, alleges facts relevant to such claims, and places Defendant Novartis on notice. See, Bogosian v. Gulf Oil Corp., 561 F.2d 434 (3d Cir. 1977), cert. denied, 434 U.S. 1086, 98 S.Ct. 1280 (1978)(quoting Conley, 355 U.S. at 47, 78 S.Ct. at 103 ("It is not necessary to plead evidence, nor is it necessary to plead the facts upon which the claim is based. 'To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

Indeed, the Complaint alleges more than the bare minimum required by Fed.R.Civ.P. 8. Plaintiff has alleged that Defendant Eon acted as "an agent and alter ego" of Defendants Sandoz and Novartis. (Compl. at ¶6)  Further, the Complaint alleges that the "acts, omissions, and misrepresentations" of the Defendants caused her injuries (Compl. at ¶ 15).  Reviewing the allegations in the Complaint as true, the Complaint sufficiently places Defendant Novartis on notice of the claims against it.   As a result, the Court denies Defendant Novartis' motion to dismiss.

For the reasons set forth above,

IT IS on this 16th day of August, 2007, hereby

ORDERED that Plaintiff's motion to remand [8] is DENIED; and it is further

ORDERED that Defendant Novartis' motion to dismiss [14] is DENIED.


/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ,
United States District Judge